UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CURTIS TEMPLE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>LAWRENCE ROBERTS, Assistant Secretary of Indian Affairs, Department of Interior, Bureau of Indian Affairs; TIM LAPOINTE, Northern Plains Regional Director, Department of Interior, Bureau of Indian Affairs; CLEVE HER MANY HORSES, Superintendent, Pine Ridge Agency, Department of Interior, Bureau of Indian Affairs; LIONEL WESTON, Branch of Realty, Pine Ridge Agency, Bureau of Indian Affairs, Department of Interior,<br><br>　　　　　　　Defendants. | CIV. 15-5062-JLV<br><br><br><br>ORDER |

## BACKGROUND

Plaintiff Curtis Temple initiated this action with a verified complaint against only defendant Cleve Her Many Horses, the Superintendent of the Bureau of Indian Affairs ("BIA") Pine Ridge Agency at Pine Ridge, South Dakota. (Docket 55). The original verified complaint consisted of three claims for relief asserting various actions of Mr. Her Many Horses and tribal actors were unlawful and wrongfully deprived him of access to grazing permits for range units 169, 501, 505 and P514. Id. at pp. 2-10. The original complaint also

claimed Mr. Her Many Horses unlawfully impounded plaintiff's cattle grazing on some of those range units in August 2015. Id.

Plaintiff filed a motion for a temporary restraining order ("TRO") preventing Mr. Her Many Horses from following the standard processing of plaintiff's cattle after impoundment under the applicable BIA regulations. Id. at pp. 1-10, 44. Mr. Her Many Horses submitted a motion to dismiss the original complaint based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Id. at pp. 10-11. On February 19, 2016, the court entered an order on plaintiff's TRO motion and Mr. Her Many Horses' motion to dismiss. See generally id. at pp. 1-45; see also Temple v. Her Many Horses, 163 F. Supp. 3d 602 (D.S.D. 2016). The court incorporates the entirety of that order here and discusses specific sections where necessary.

Addressing the motion to dismiss first, the court divided plaintiff's claims into three categories: (1) pre-impoundment, (2) BIA assessment and damage calculations and (3) impoundment. Id. at pp. 14-27. The court dismissed plaintiff's pre-impoundment claims based on the doctrine of tribal court exhaustion. Id. at pp. 14-15, 45. The court dismissed plaintiff's BIA assessment and damage calculation claims because he did not exhaust his administrative remedies. Id. at pp. 15-16, 45 ("Mr. Temple's claims challenging the BIA's assessment of penalties and its cost and damage calculations are not ripe for judicial review as he has not exhausted his administrative remedies."). But the court refused to dismiss plaintiff's claims on the August 2015 impoundment of his cattle, including an alleged due process violation and his challenge to applicable federal regulations. Id. at pp. 15-27, 45. The court denied the TRO motion. Id. at pp. 27-45. Following the February 2016 order,

the court entered a scheduling order and the parties began conducting discovery. (Docket 70).

Plaintiff filed a second motion for a TRO. (Docket 79). The motion related to a June 2016 impoundment of plaintiff's cattle grazing on some of the range units listed in his original verified complaint and sought to prohibit the sale of his impounded cattle. Id. After holding a hearing, the court denied the second TRO motion as moot because no sealed bids were received by the BIA by the deadline set in the public notice. (Docket 91). At the hearing, the court stated the second TRO motion and related filings expanded the scope of the case, so the court ordered plaintiff to submit an amended complaint. Id.[1]

Plaintiff submitted a verified amended complaint. (Docket 89). The amended complaint adds three defendants: Lawrence Roberts, the BIA Assistant Secretary of Indian Affairs; Tim LaPointe, the BIA Northern Plains Regional Director; and Lionel Weston, who works at the Branch of Realty for the BIA's Pine Ridge Agency. Id. The amended complaint includes 18 causes of action. Id. Defendants filed motions for striking or dismissal of claims, partial summary judgment and to substitute the BIA for the individually named defendants. (Dockets 94 & 95). An answer to the amended complaint was also filed. (Docket 98).[2]

---

[1] The court went back and listened to the audio recording of this portion of the hearing to confirm the basis for ordering the amended complaint.

[2] Plaintiff filed a third motion for a TRO in November 2016 before the cattle impounded in June 2016 were set to be sold, and the court denied the motion. (Docket 107).

While the motions were pending, plaintiff was indicted in the District of South Dakota for destruction of government property in violation of 18 U.S.C. § 1361 by "willfully injur[ing] and commit[ting] a depredation against . . . Red Shirt Table Range Units 169 and P-501, by overgrazing and overstocking" the land.  (Docket 130).  Upon plaintiff's request, the court stayed this civil case until his criminal case was resolved.  Id.  The criminal case was dismissed and the court held a status conference to determine the posture of this case.  (Docket 142).  During the status conference, the parties indicated defendants' pending motions were ripe for consideration.  The court entered an order lifting the stay and directing the parties to file a joint proposed scheduling order for discovery and motions.  (Docket 143).

The parties do not agree on a schedule for the case.  Defendants seek the following schedule: September 28, 2018, as the conclusion of discovery; October 31, 2018, for the motions deadline; and a court trial at the court's convenience after December 3, 2018.  (Docket 144 at p. 3).  Plaintiff proposes discovery should conclude by July 1, 2019, with trial to commence during fall 2019.  (Docket 145 at p. 1).  Plaintiff requests this schedule because he has pending cases in the Oglala Sioux Tribal Court, and he believes their results will impact this case.  Id.  Defendants resist plaintiff's proposal, arguing delaying the case further is improper because plaintiff "continually uses this litigation as an excuse for why he does not have to move his cattle, does not have to vacate expired Range Units, or otherwise does not have to follow [BIA's] rules and regulations."  (Dockets 144 at p. 2 & 146).

4

**ANALYSIS**

## I. Motion to strike or dismiss

Defendants argue the amended complaint "realleges a number of issues that the Court previously dismissed because the doctrine of tribal exhaustion applied or because the claims were not yet ripe for review when [plaintiff] did not exhaust his administrative remedies." (Docket 96 at p. 3). In defendants' view, those "issues should be stricken" under Rule 12(f) of the Federal Rules of Civil Procedure or "dismissed again based on the law of the case doctrine or for the previous reasons stated by the Court." Id.

In response, plaintiff asserts "just because a court has dismissed certain claims does not mean that the claims are required to be deleted or stricken from the complaint." (Docket 106 at p. 2). Plaintiff argues "[n]o final decision has been made by the Court on [the dismissed] claims." Id. He believes "[i]t is necessary to re-allege in any amended complaint the same claims made in the initial complaint in order to avoid any subsequent claim by the government that those claims have been abandoned and to preserve any appeal rights that exists with regard to the dismissed claims." Id. at p. 3.

### A. The verified amended complaint

Plaintiff's verified original complaint targeted one defendant and advanced three causes of action. (Docket 1). His verified amended complaint takes aim at four defendants and includes 18 causes of action. (Docket 89). Aside from a few new paragraphs and minor changes, the first 10 pages (paragraphs one through 44) of the amended complaint are identical to the

original complaint.  (Dockets 1 at pp. 1-9 & 89 at pp. 1-10).  The new factual allegations in the amended complaint mostly cover developments occurring after the court's February 2016 order, including the June 2016 impoundment.  (Docket 89 at pp. 10-13).

Some causes of action in the amended complaint are largely identical to those in the original complaint.  That is the situation with aspects of claims three, sixteen and eighteen.  (Dockets 1 at pp. 9-11 & 89 at pp. 14-15, 20-22).  A variety of new causes of action are asserted in the remaining claims.  (Docket 89 at pp. 13-22).  Almost none of the claims highlight specific conduct by any individual defendant.  Id.  Nearly every cause of action ends by alleging the conduct at issue was arbitrary and capricious, not in accordance with law, contrary to statutes and regulations, and violated 25 U.S.C. § 1302(8),[3] the Fifth and Fourteenth Amendments to the United States Constitution and Article XII(h) of the Oglala Sioux Tribe's Constitution.[4]  (Docket 89 at pp. 13-22).  The causes of action do not detail how the conduct of specific defendants constitutes violations of these regulatory, statutory and constitutional provisions.  Id.  Most of this portion of the amended complaint reads like a

---

[3]This is a provision of the Indian Civil Rights Act stating: "No Indian tribe in exercising powers of self-government shall— . . . (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law[.]"

[4]Under Article XII(h) of the Oglala Sioux Tribe's Constitution, "[t]he Tribal Council in exercising its inherent powers of self-governance, shall not make any tribal law or enforce any tribal, state or federal law that: . . . (h) [d]enies to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law[.]"

6

recitation of facts punctuated occasionally with the string of legal foundations listed above. Id. For example, the entirety of the fifth claim for relief asserts:

> The proposed action to sell the cattle was administratively appealed to the Interior Board of Indian Appeals which held in abeyance any such proposed action until a final decision was made and appeals exhausted. The action of defendants in selling any of the impounded cattle was arbitrary and capricious, not in accordance with law, contrary to statute and regulation, and in violation of the Fifth and Fourteenth Amendments, 25 USC 1302 (8), and parallel OST Constitutional provisions, Article XII (h).

Id. at pp. 15-16.

Plaintiff's amended complaint has two main problems and they relate to the doctrines of the law of the case and shotgun pleading. The briefing on defendants' motion to strike or dismiss reveals the applicability of these doctrines. But their application does not require the remedy defendants seek; it requires plaintiff to file a second amended complaint without the deficiencies the court describes below. Because the court orders a second amended complaint, the court denies without prejudice the government's pending motion to strike or dismiss.

### 1. Law of the case

"Under the law-of-the-case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" In re Tri-State Fin., LLC, 885 F.3d 528, 533 (8th Cir. 2018) (quoting Alexander v. Jensen-Carter, 711 F.3d 905, 909 (8th Cir. 2013)). "This doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency." Sprint Commc'ns Co., L.P. v.

Lozier, 860 F.3d 1052, 1056 (8th Cir. 2017) (internal quotation marks omitted), cert. denied, 138 S. Ct. 669 (2018).  The court's February 2016 order constitutes the law of the case and it must "govern the same issues in subsequent stages in [this] case." In re Tri-State, 885 F.3d at 533.  The "subsequent stages" include amended pleadings and eventual trial.  Id.

"The mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual allegations." Weslowski v. Zugibe, 96 F. Supp. 3d 308, 316-17 (S.D.N.Y. 2015) ("Because the Amended Complaint . . . is in large part identical to Plaintiff's first Complaint, the law of the case doctrine counsels against reconsideration of the Court's [prior] dismissal of the first Complaint."), aff'd, 626 Fed. Appx. 20 (2d Cir. 2015).  Because plaintiff does not provide sufficient and new facts to the contrary, the February 2016 order prohibits plaintiff from pursuing some of the causes of action in the amended complaint relating to pre-impoundment or the BIA's assessment and damage calculation.  The government argues the amended complaint features numerous claims barred by the court's February 2016 order.  (Docket 96 at pp. 4-5).  Due to the sprawling and vague nature of the amended complaint, rather than identifying specific claims, the court simply states multiple claims in the amended complaint are barred by the February 2016 order.  Precluding plaintiff from realleging these causes of action is necessary for "protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency." Lozier, 860 F.3d at 1056.

8

The United States Supreme Court "held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016). The court's "exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice." Id. (quoting Degen v. United States, 517 U.S. 820, 823-24 (1996)). Because plaintiff's amended complaint violates the law of the case doctrine, the court orders plaintiff to file a second amended complaint consistent with the law of the case. The court bases its order on its "inherent authority" and finds the exercise of that power is a "reasonable response to the problems" the amended complaint presents. Id. As the court stated in the hearing on plaintiff's second TRO motion, the second amended complaint may take into account developments in the case since the original complaint was filed.[5] But that is not an invitation to completely reshape the case and multiply the issues presented. In light of the parties' disagreement on a discovery schedule and trial date, it is critical to anchor the case in a second amended complaint without the deficiencies the court finds in the amended complaint.

### i. Preserving appeal rights

A separate question is whether plaintiff must reallege dismissed claims to preserve his right to appeal dismissal of those claims, and the United States

---

[5]This includes the government's latest supplements to the record. (Dockets 112-19).

9

Court of Appeals for the Eighth Circuit decided it over a century ago. See Williamson v. Liverpool & London & Globe Ins. Co., 141 F. 54 (8th Cir. 1905). As the United States District Court for the Eastern District of Missouri explained:

> With respect to re-pleading previously dismissed claims in amended complaints, the majority of circuit courts follow the approach established by the Eighth Circuit in Williamson[.] . . . In Williamson, the Eighth Circuit drew a line between claims that were dismissed for technical deficiencies and those dismissed for legal deficiencies. The court held that a plaintiff has not waived claims when the dismissal "struck a vital blow to a substantial part of plaintiff's cause of action." Id. at 57. However, the court provided that waiver would exist if the dismissal was for "indefiniteness, incompleteness, . . . insufficiency of statement ... [or] technical defects." Id. Accordingly, claims dismissed for technical deficiencies are waived if not re-pleaded in the amended complaint, but claims dismissed for a legal deficiency need not be re-pleaded to trigger preservation.

Graham v. Hubbs Mach. & Mfg., Inc., No. 4:14-CV-419, 2015 WL 10986348, at *1 (E.D. Mo. June 15, 2015); see also Blazer v. Black, 196 F.2d 139, 143-44 (10th Cir. 1952) (quoting Williamson, 141 F. at 54) ("It has long been the rule of Federal practice . . . that while the pleader who amends or pleads over, waives his objections to the ruling of the court on indefiniteness, incompleteness or insufficiency, or mere technical defects in pleadings, he does not waive his exception to the ruling which strikes 'a vital blow to a substantial part' of his cause of action."). "[M]ost circuits refuse to require a plaintiff to replead dismissed claims in order to preserve the right to appeal the dismissal, particularly because an attempt to reallege the claim would likely be futile."

Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir. 2014) (internal quotation marks omitted) (collecting cases).[6]

The court dismissed claims related to pre-impoundment events and the BIA's assessment and damage calculations. (Docket 55 at pp. 14-16, 45). The court finds those rulings "struck a vital blow to a substantial part of plaintiff's cause of action[,]" so plaintiff is not required to replead the claims to preserve his appeal rights. Williamson, 141 F. at 54; see Hayward, 759 F.3d at 617; Graham, 2015 WL 10986348, at *1-2.

### 2. Shotgun pleading

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by failing to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)) (internal alteration, citation and some quotation marks omitted). They are a problem because "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Id. at 1295 (internal quotation marks and alterations omitted).

---

[6]Graham pointed out that Tolen v. Ashcroft, 377 F.3d 879, 882 n.2 (8th Cir. 2004), may have cast doubt on this principle, but the Graham court correctly explained Tolen involved different facts (i.e., voluntary dismissal of claims) and the earlier of two conflicting panel opinions generally controls. Graham, 2015 WL 10986348, at *2.

11

The United States District Court for the District of Minnesota "has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." Gurman v. Metro Hous. & Redevelopment Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (collecting cases). The Gurman court explained these pleadings unfairly burden courts because it becomes the court's "burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." Id.

The court does not find plaintiff's amended complaint violates Rule 8 and does not order a second amended complaint on that basis. "The remedy of repleader based on violation of Rule[] 8 . . . has generally been reserved for egregious cases where a defendant does not know the basic facts that constitute the claims for relief against it." Superior Edge, Inc. v. Monsanto Co., 44 F. Supp. 3d 890, 898 (D. Minn. 2014) (internal quotation marks omitted). The defendants' answer and motions following the amended complaint demonstrate the "allegations are not so vague or ambiguous that a responsive pleading could not possibly be framed." Id. at 899 (internal quotation marks omitted). "No technical form" is mandated for complaints and the court interprets them "so as to do justice." Fed. R. Civ. P. 8(d)(1) & (e). But the court must emphasize to plaintiff that the just and efficient resolution of this case requires a second amended complaint that does a better job steering clear of the problems associated with shotgun pleadings.

## II. Remaining motions

The government's motion for partial summary judgment and motion to substitute defendants remain pending. (Dockets 94 & 95). Because those motions relate directly to the amended complaint and the court orders a second amended complaint, the court denies the motions without prejudice because they are moot.

## III. Moving forward

As noted above, the parties disagree on a timeline for discovery and motions. (Dockets 144-46). "A district court has very wide discretion in handling pretrial discovery and [an appellate] court is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." Hill v. Sw. Energy Co., 858 F.3d 481, 484 (8th Cir. 2017) (internal quotation marks omitted). "District courts have broad discretion in structuring discovery." McGovern v. George Washington Univ., 245 F. Supp. 3d 167, 177 (D.D.C. 2017) (internal quotation marks and alteration omitted), aff'd sub nom. McGovern v. Brown, 891 F.3d 402 (D.C. Cir. 2018).

While plaintiff requested later deadlines than defendants based on tribal court litigation, he has not provided more than a cursory argument or filed a formal motion for a stay. (Docket 145). The court finds it is a proper use of discretion to provide plaintiff time to file a second amended complaint and defendants time to answer, and then impose discovery and motions deadlines that are a compromise between those proposed by plaintiff and defendants. The court will enter a separate scheduling order with these deadlines.

With respect to scheduling trial, the court must determine whether the case will be tried before a jury or the court. Neither plaintiff's original nor amended complaint includes a jury demand. (Dockets 1 & 89). Earlier in the case, the court ordered the parties to submit a discovery report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Docket 58). The parties' report states: "A jury trial is not available under the law." (Docket 69 at p. 3). Based on that representation and unless the parties show otherwise, the court will proceed on the understanding this case will be tried to the court.

**ORDER**

Based on the analysis above, it is

ORDERED that plaintiff must file a second amended complaint within twenty-one (21) days of this order.

IT IS FURTHER ORDERED that defendants' motion to strike or dismiss and for partial summary judgment (Docket 94) is denied without prejudice.

IT IS FURTHER ORDERED that defendants' motion to substitute defendants (Docket 95) is denied without prejudice.

IT IS FURTHER ORDERED that the parties must submit a proposed discovery and trial schedule within thirty (30) days of the filing of defendants' response to the second amended complaint.

Dated August 29, 2018.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE